Rodney L. Donohoo, Esq. (SBN 145040)
Kevin T. Rhine, Esq. (SBN 270283)
**Law Offices of Rodney L. Donohoo, APC**
16236 San Dieguito Road, Suite 1-12
Post Office Box 9335
Rancho Santa Fe, CA 92067
T. 858.914.3394 | F. 858.737.2915
Email: rdonohoo@donohoolaw.com
ktrhine@donohoolaw.com

Attorneys for Plaintiff Verdandi VII, Inc.,
a Florida corporation.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERDANDI VII, INC., a Florida corporation.<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ACCELERANT SPECIALTY INSURANCE COMPANY<br><br>　　　　　　Defendants. | Case No. '23CV0635 H    WVG<br><br>**CLAIMS FOR RELIEF:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; AND**<br>3. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff Verdandi VII, Inc., a Florida corporation ("Plaintiff" or "VERDANDI") by and through its attorneys submits the following Claims for Relief:

## PARTIES

　　　1.　　Plaintiff VERDANDI is a Florida corporation with its current principal place of business in San Diego, California and is the owner of Cloud Nine (Froja), a 2017 60' Delta with Volvo twin 600hp diesel engine, Hull Id. No. DTA540171718 ("the Vessel").

2. Defendant ACCELERANT SPECIALTY INSURANCE COMPANY ("ACCELERANT" or "Defendant"), on information and belief, is a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia. Plaintiff is informed and believes and thereon alleges that ACCELERANT policies are underwritten and sold through Commonwealth Special Risks, Ltd., ACCELERANT'S Managing General Underwriter.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim, occurred in San Diego County, where the Vessel is currently positioned. On information and belief, Defendant does business in, and/or otherwise has the requisite minimum contacts with this venue to support jurisdiction. Further, all payments and repairs required of Defendant under the subject insurance policy were and are required to be made in San Diego, and Defendant's wrongful conduct has caused and will cause harm that Defendant knows will be suffered in San Diego.

## GENERAL ALLEGATIONS

5. On or about August 15, 2022, Plaintiff purchased the Vessel in Fort Lauderdale, Florida for approximately $1,500,000 U.S. Dollars. The Vessel was purchased with the intention of ultimately mooring the Vessel in the Bay Area in California as its home port.

6. In connection with the Vessel's purchase, Plaintiff obtained insurance coverage from Defendant ACCELERANT under insurance policy CSRYP/217493 (the "Policy"). Plaintiff received a copy of the Policy stating the coverage period as

September 16, 2022 to September 16, 2023. Hull coverage limits under the policy are $1,500,000.

7. In order to reposition the Vessel to the Bay Area, Plaintiff made arrangements for the Vessel to be placed on a transport ship for transport to Ensenada, Mexico, and then to be sailed under its own power to the Bay Area using operators approved in advance by ACCELERANT. Such information was provided to ACCELERANT, who, through its agent, provided Plaintiff with a coverage binder on about October 6, 2022 confirming insurance was bound on the Vessel with Plaintiff as the insured and approving Greg Coleman and Frank Carson as Vessel operators. Consistent with the Vessel's intended repositioning, the Policy was issued with the following navigation limits: "Navigation Limits: Warranted that the Scheduled Vessel is confined to Florida, then to be transported as cargo from Florida to West Coast Mexico, thereafter, to be confined to West Coast Mexico including the Sea of Cortez and West Coast USA – not to exceed 150 miles offshore." The Policy premium is fully paid and the Policy was fully in effect at the time of the repositioning of the Vessel.

8. On approximately September 16, 2022, the Vessel was placed on a ship for transport through the Panama Canal to Ensenada Mexico. The Vessel arrived in Ensenada, on about October 8, 2022 and was subsequently unloaded on about October 10, 2022. On or about October 11, 2022, using ACCELERANT approved operators Greg Coleman and Frank Carson (the Vessel's Captain) the Vessel left Ensenada, Mexico under its own power with its intended interim destination of Monterey, California.

9. During the Vessel's journey, while the Vessel was just off the coast of San Diego County, and after previously traversing the kelp beds off of Point Loma, the operators experienced engine problems. Accordingly, they turned the Vessel around and headed back toward San Diego Bay. The operators then discovered acrid smoke filling the Vessel's cabin and engine hold. They unsuccessfully attempted to shut down the engines. The Captain issued a mayday call and the Vessel was eventually evacuated

by the United States Coast Guard. The engines eventually shut down and the vessel was towed to a harbor in San Diego.

10. After the Vessel was towed to San Diego, a claim for damage to the Vessel was immediately filed with ACCELERANT on approximately October 12, 2022 ("the Claim"). ACCELERANT subsequently appointed Sedgwick Claims Management Services as the claim adjuster. After initial interim mooring in Mission Bay in San Diego, the Vessel was ultimately towed and docked at Safe Harbor in Shelter Island in San Diego, California.

11. After the claim was filed, the Vessel was inspected by experts retained by ACCELERANT in order to ascertain the cause of the loss and assess the extensive damages caused by the loss. A foreign object was discovered in the Vessel's sea strainers and starboard cooling system. It was determined that the loss was caused by ingestion of a foreign object into the Vessel's cooling intake, which resulted in a reduced water flow to the engine exhaust spray ring causing hotspots developing in the exhaust hose, thereby melting the hose and causing the ensuing damages.

12. As the proximate result of the ingestion of a foreign object with the resulting damage, the Vessel has sustained damage in excess of approximately $700,000, including damage to the engines, engine room components, electronics, stern drive, requisite cleaning and deck cutting and engineering. Additionally, Plaintiff has incurred ongoing dockage fees at a cost in excess of $5,000 per month.

13. The Claim is in fact a covered loss. Under the terms of Coverage A, Hull, Machinery, Equipment and Dinghy, coverage is provided for accidental physical loss of or damage to the Vessel which occurs during the Policy period. Moreover, under the exclusion provisions of the Policy, the Policy expressly extends coverage for damage to the Vessel's engines, mechanical and electric parts which are caused by an accidental external event such as "ingestion of a foreign object."

14. Over the period of approximately the last five months since Plaintiff filed its claim with ACCLERARANT, despite Plaintiff's repeated requests for repair of the

Vessel, ACCELERARANT has refused to accept coverage for the claim. To the contrary, on March 17, 2023, under a "reservation of rights" letter, SEDGWICK informed Plaintiff that its claim was not covered under exclusions set forth in the Policy. Sedgwick acknowledged the most likely cause was due to ingestion of an object restricting seawater intake.

15. Defendant's failure and refusal to timely pay the claim at issue has caused severe strain on the Plaintiff, forcing Plaintiff to file the instant Action against Defendant for its refusal to honor the Policy.

## FIRST CLAIM FOR RELIEF

**(For Breach of Contract)**

**(By Plaintiff Against All Defendants)**

16. Plaintiff re-alleges and incorporate by this reference paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Plaintiff and Defendant entered into the Policy contract, with an effective date of from September 16, 2022 to September 16, 2023, under policy number CSRYP/217493. The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.

18. Throughout the period of the Policy, and including through the present, Plaintiff performed all obligations required of Plaintiff under the Policy, paid all required premiums, and performed all acts required of it to keep the Policy in full force and effect. Plaintiff intended and expected thereby to be assured peace of mind and financial and economic security in the event any losses covered by the Policy occurred.

19. On or around October 11, 2022, while the subject Policy was in full effect, and while the Vessel was operated by an operator expressly approved by Defendant, the Vessel sustained a covered loss due to the accidental ingestion of a foreign object into the seawater intake.

20. The predominant efficient cause of the loss was ingestion of a foreign object that set into motion restriction of cooling water which lead to overheating resulting in a hole in the exhaust causing extensive damage from heat and toxic soot.

21. As set forth above, Plaintiff immediately contacted Defendant, through Concept Special Risk, reported the Claim, and requested insurance coverage under the Policy.

22. To date, Defendant has failed to accept or pay Plaintiff' claim.

23. Defendant's failure to pay the claim constitutes an actual and anticipatory breach of the Policy.

24. Plaintiff has exhausted all its remedies with Defendant to recover the losses it suffered as a result of the loss of the Vessel and subsequent breach of contract, and Plaintiff has no other recourse at this time other than to file this Action to enforce the benefits to which Plaintiff is entitled under the Policy.

25. As a direct and proximate result of Defendant's breach of the Policy and failure to pay the claim, Plaintiff has been damaged in an amount exceeding the jurisdictional minimum of this Court, which such amount will be established according to proof at trial and which is estimated to exceed $700,000.

## SECOND CLAIM FOR RELIEF

**(For Bad Faith)**

**(By Against All Defendants)**

26. Plaintiff re-alleges and incorporate by this reference paragraphs 1-25 of this Complaint as if fully set forth herein.

27. The Policy contains an implied covenant of good faith and fair dealing, under which Defendant was and is required to refrain from doing anything to injure Plaintiff's right to receive the benefits of the Policy. As Plaintiff's insurer, Defendant had a special relationship with Plaintiff and assumed a heightened duty of good faith and fair dealing towards it.

28. Defendant's obligations under its covenant of good faith and fair dealing include, without limitation, to give at least as much consideration to the interests of Plaintiff as it does to its own interests, not unreasonably withhold benefits from Plaintiff or unreasonably deny it's claim, fully inquire into all possible grounds that might support Plaintiff's claim, and thoroughly and fairly investigate the foundation for any denial of benefits to Plaintiff. Defendant has breached these duties.

29. Defendant's obligations under its covenant of good faith and fair dealing include, without limitation, to not cause detriment to Plaintiff through improper, oppressive, self-serving or inadequate claims investigation and conduct. Defendant has breached this duty.

30. Defendant's obligations under its covenant of good faith and fair dealing include, without limitation, to make a reasonable effort to resolve a claim determination dispute with its insured Plaintiff. Defendant has breached this duty.

31. As set forth above, Defendant improperly breached the Policy and wrongfully seeks to deny Plaintiff of the benefits of the Policy to which Plaintiff is entitled. Defendant's denial, implied by Defendant's failure to pay any amounts under the Policy, of Plaintiff's loss claim is and was not objectively reasonable under the circumstances, without proper cause, and made in bad faith.

32. Defendant has failed to provide any reason at all for failing to pay the amounts required under the Policy, and Defendant's actions are not objectively reasonable under the circumstances, without proper cause, and made in bad faith.

33. Defendant engaged, and continues to engage, in a course of conduct to further its own economic interests in violation of its contractual and fiduciary obligations to Plaintiff, without proper cause, including, but not limited to:

    a. Unreasonable and improper investigation of Plaintiff's claim, including but not limited to failing to seek information favorable to Plaintiff and ignoring pertinent information favorable to Plaintiff;

    b. Oppressively conducting its investigation into Plaintiff's claims;

      c. Failing to place the interests of Plaintiff, the policyholder, on an equal par with Defendant's own interests in denying Plaintiff's claims;

      d. Forcing Plaintiff to institute litigation to recover the amounts due Plaintiff under its Policy;

      e. Failing to pay the Claim or make an offer to pay the claim and forcing Plaintiff to litigate its claims in order to obtain benefits; and

      f. Other wrongful, unreasonable and bad faith conduct according to proof at trial.

34. The foregoing conduct of Defendant constitutes bad faith and breaches the covenant of good faith and fair dealing. Defendant continues to engage in the aforementioned acts and said conduct and bad faith constitutes a continuing tort and continuing bad faith to Plaintiff, causing Plaintiff continuing damage as described herein beyond the date of the filing of this action.

35. As a result of Defendant's bad faith and breaches of the covenant of good faith and fair dealing, Plaintiff has been reasonably compelled to retain an attorney to obtain the benefits due to it under the Policy. The amount of attorney fees and costs incurred continues to increase.

36. Plaintiff has been damaged as the direct and proximate result of Defendant's bad faith and breaches of the covenant of good faith and fair dealing in an amount exceeding the jurisdictional minimum of this Court, which such amount will be established according to proof at trial and which is estimated to exceed $700,000. Plaintiff's damages include, without limitation, the loss of benefits under the Policy, the loss of use of benefits, and compensation for Plaintiff's reasonable attorney's fees and costs.

37. Defendant's foregoing acts were intentionally designed to keep from paying Policy benefits which were and are legitimately owed to Plaintiff. Defendant's conduct was committed in conscious disregard of Plaintiff's rights, and with oppression, fraud and malice within the meaning of Cal. Civ. Code § 3294. Plaintiff,

therefore, seeks exemplary damages in an amount determined sufficient by the trier of fact to punish and make an example of Defendant.

### THIRD CLAIM FOR RELIEF

### (For Declaratory Relief)

### (By Plaintiff Against All Defendants)

38.  Plaintiff re-alleges and incorporate by this reference paragraphs 1-37 of this Complaint as if fully set forth herein.

39.  An actual and substantial controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the Policy. Specifically, Plaintiff contends that Plaintiff's losses, as described herein, are covered under the Policy and entitle Plaintiff to full compensation of Plaintiff's losses under the Policy.

40.  Plaintiff has legal interests adverse to Defendant. If the trier of fact determines that Plaintiff's losses are covered losses under the Policy, Defendant will be required to pay Plaintiff's benefits under the Policy to fully compensate Plaintiff for all losses described herein.

41.  The foregoing controversy between the parties is of sufficient immediacy to warrant the issue of a declaratory judgment. Plaintiff continues to suffer harm as a result of Defendant's failure to pay under the Policy, including the unrepaired damages to the Vessel, the loss of use of the Vessel and continued storage fees.

42.  A judicial determination and declaration regarding the rights and liabilities of all parties is necessary in order for the parties to determine Plaintiff's benefits under the Policy.

43.  Therefore, Plaintiff is entitled to and seeks a determination that its losses for the claims made to Defendant are covered losses under the Policy and entitles Plaintiff to full payment of all losses thereunder, and for further relief as set forth in its Prayer for Relief, below.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief on all causes of action in this Complaint, as specifically detailed in each Cause of Action, as follows:

<u>On the First Claim for Relief for Breach of Contract</u>

1. For damages according to proof;
2. For costs of this suit;
3. For pre-judgment and post-judgment interest, to the extent allowable under contract or law;
4. For an order requiring defendants to pay Plaintiff all benefits of the Policy as they come due or compensate Plaintiff for the present value thereof; and
5. For any other relief this Court deems proper under the circumstances.

<u>On the Second Claim for Relief for Breach of the Covenant of Good Faith and Fair Dealing</u>

1. For damages according to proof;
2. For Plaintiff's reasonable attorney's fees and costs incurred to obtain the benefits to which Plaintiff is entitled under the Policy, including, but not limited to, those incurred in connection with this action, in an amount to be determined by the trier of fact;
3. For exemplary damages in an amount sufficient to punish and make an example of Defendant;
4. For pre-judgment and post-judgment interest, to the extent allowable under contract or law; and
5. For any other relief this Court deems proper under the circumstances.

/ / /

/ / /

/ / /

On the Third Claim for Relief

1. For a judicial determination and declaration that Plaintiff's losses for the claim made to Defendant are covered losses under the Policy and entitles Plaintiff to full payment of all losses thereunder;
2. For costs of suit; and
3. For any other relief this Court deems proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury.

Dated: April 7, 2023          **LAW OFFICES OF RODNEY L. DONOHOO, APC**

By:  /s/ Rodney L. Donohoo
     Rodney L. Donohoo, Esq.
     Kevin T. Rhine, Esq.
     Attorneys for Plaintiff Verdandi VII, Inc.