UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERDANDI VII, INC., a Florida corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>ACCELERANT SPECIALTY INSURANCE COMPANY, an Arkansas corporation,<br><br>                                   Defendant. | Case No.: 3:23-cv-00635-H-WVG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>[Doc. Nos. 11, 12.] |

On July 27, 2023, Plaintiff Verdandi VII, Inc. ("Plaintiff") filed two motions to strike: (1) a motion to strike Defendant Accelerant Specialty Insurance Company's ("Accelerant") counterclaim; and (2) a motion to strike Accelerant's affirmative defenses. (Doc. Nos. 11, 12.)  On August 28, 2023, Accelerant filed its oppositions to Plaintiff's motions to strike. (Doc. Nos. 19, 20.)  On September 1, 2023, Plaintiff filed its replies in support of its motions. (Doc. Nos. 21, 22.)  A hearing on Plaintiff's motions was scheduled

1

for Monday, October 16, 2023, at 10:00 a.m. Pacific Time. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determined the matter was appropriate for resolution without oral argument, submitted the motions on the parties' papers, and vacated the hearing. (Doc. No. 24.) For the reasons below, the Court denies Plaintiff's motions to strike.

## Background

The following facts are taken from Plaintiff's complaint and Accelerant's counterclaim. Plaintiff owns "Cloud Nine (Froja)," a 2017 60' Delta Express Cruiser with Volvo twin 600hp diesel engine, Hull ID No. DTA540171718 (the "Vessel"). (Doc. No. 1, Compl. ¶ 1; Doc. No. 9 ¶ 4.) Accelerant is a domestic surplus lines insurer. (Compl. ¶ 2.) In connection with the purchase of the Vessel, Plaintiff obtained insurance coverage from Accelerant under insurance policy CSRYP/217493 (the "Policy") for the coverage period of September 16, 2022, to September 16, 2023. (Id. ¶ 6.) After Plaintiff purchased the Vessel, Plaintiff made plans to move it from Fort Lauderdale, Florida to the Bay Area of California. (Id. ¶¶ 5–8.) Between September 16, 2022, and October 8, 2022, a transport ship moved the Vessel from Fort Lauderdale to Ensenada, Mexico. (Id. ¶¶ 7–8.) On October 11, 2022, the Vessel left Ensenada, under its own power, and headed to its final destination. (Id. ¶¶ 5, 8.) During the Vessel's journey, while off the coast of San Diego County, the Vessel experienced engine problems, requiring the Vessel's operators to evacuate and tow the Vessel into the San Diego harbor. (Id. ¶ 9.)

On October 12, 2022, Plaintiff filed a claim for damage with Accelerant. (Id. ¶ 10.) Accelerant investigated the claim and conducted a survey of the Vessel. (Doc. No. 9 ¶ 7.) The investigation revealed various issues with the engine and evidence of kelp in the starboard engine sea strainer. (Id. ¶ 8–11.) Accelerant asserts that the engines aboard the Vessel had been subject to multiple manufacture warranty claims. (Id. ¶ 12.) On March 17, 2023, Accelerant issued a reservation of rights under the Policy for Plaintiff's claim. (Id. ¶ 13.) Plaintiff alleges that Accelerant has refused to accept coverage for the claim for damage. (Compl. ¶ 14.)

On April 7, 2023, Plaintiff filed a complaint against Accelerant for breach of contract and bad faith. (Compl. ¶¶ 16–37.) Plaintiff also requests declaratory relief that the Policy covers Plaintiff's losses. (Id. ¶¶ 38–43.) On July 6, 2023, Accelerant filed its answer in which it raises thirty-one affirmative defenses. (Doc. No. 7 at 7–14.) That same day, Accelerant filed a counterclaim against Plaintiff. (Doc. No. 9.) The counterclaim seeks declaratory relief that the defect exclusion, accidental external event exclusion, or the wear and tear exclusion precludes Plaintiff's claim for loss under the Policy. (Id. ¶¶ 18–35.) Accelerant also seeks a declaration that there is no (or limited) coverage under the Policy for Plaintiff's claim. (Id. ¶¶ 36–43.)

By the present motions, Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Accelerant's counterclaim and seventeen affirmative defenses in Accelerant's answer. (Doc. Nos. 11, 12.) Accelerant does not oppose Plaintiff's request to strike the ninth affirmative defense (proximate cause), twelfth affirmative defense (contributory/comparative fault), fourteenth affirmative defense (acts or omissions of others), nineteenth affirmative defense (statute of limitations), twentieth affirmative defense (efficient proximate cause), twenty-second affirmative defense (negligence of Plaintiff), and twenty-third affirmative defense (negligence of third parties). (Doc. No. 19 at 1.) Accordingly, the Court denies as moot the ninth, twelfth, fourteenth, nineteenth, twentieth, twenty-second, and twenty-third affirmative defenses in Accelerant's answer. Ten affirmative defenses remain in dispute.

## Discussion

### I.  Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating

spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012). In reviewing a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Rees v. PNC Bank, N.A., 308 F.R.D. 266, 271–72 (N.D. Cal. 2015) (citing Whittlestone, 618 F.3d 970 at 973).

### A. Plaintiff's Motion to Strike Accelerant's Counterclaim

Under federal law, federal courts do not have a duty to grant declaratory judgment. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 533 (9th Cir. 2008). It is within a district court's discretion to dismiss an action for declaratory judgment. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."). Courts can use that "discretion to dismiss counterclaims under [Federal Rule of Civil Procedure] 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." ACE Am. Ins. Co. v. Old Republic Gen. Ins. Corp., No. 20-CV-00482-WHO, 2020 WL 4001459, at *4 (N.D. Cal. July 15, 2020) (citation omitted). However, courts will strike a redundant counterclaim only when it truly "serves no useful purpose" and "it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." Stickrath v. Globalstar, Inc., No. C07-1941 TEH, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008).

Here, Plaintiff contends that Accelerant's counterclaim adds nothing to the litigation because the counterclaim repeats the affirmative defenses in Accelerant's answer and duplicates the allegations and relief requested in Plaintiff's complaint. (Doc. No. 11 at 4.) Plaintiff contends that Accelerant's claims for declaratory relief that no coverage exists

under various Policy exclusions exactly mirrors Accelerant's second, fourth, fifth, and twenty-fifth affirmative defenses in its answer. (Id. at 5; Compare Doc. No. 7, with Doc. No. 9.)  Plaintiff further claims that its complaint subsumes Accelerant's counterclaim because Plaintiff also seeks declaratory relief, specifically, that the Policy covers Plaintiff's losses.  (Doc. No. 11 at 7; see Compl. ¶¶ 38–43.)  Accordingly, Plaintiff argues that Accelerant's counterclaim "does not serve any useful purpose as there is a complete identity of the factual and legal issues between the counterclaim and the affirmative defenses." (Doc. No. 11 at 8.)

Accelerant responds that its counterclaim is not a mirror image of the complaint because its counterclaim focuses on the scope and breadth of coverage provided under the Policy, not Plaintiff's claims for breach of contract or bad faith.  (Doc. No. 20 at 4.)  Accelerant also raises facts not alleged in Plaintiff's complaint.  (See generally, Doc. No. 9.)  Accelerant asserts that only resolving Plaintiff's claims against Accelerant cannot provide the affirmative relief it seeks in its counterclaim, namely, that no coverage exists for Plaintiff's losses under the Policy.  (Doc. No. 20 at 2.)  For example, if Plaintiff voluntarily dismissed its complaint or if Accelerant prevailed on its affirmative defenses, Accelerant would "still want and need a declaration that there is no coverage under the Policy." (Id.)

Plaintiff has not shown that Accelerant's counterclaim "serves no useful purpose." Disposing of Accelerant's counterclaim at this early stage may preclude Accelerant from obtaining the kind of affirmative declaratory relief it seeks against Plaintiff.  This is especially true should Plaintiff voluntarily dismiss the complaint before the Court issues a declaration regarding the scope of coverage under the Policy.  "Whether or not [Accelerant's counterclaim] is truly redundant may become clearer as this case proceeds, but in the meantime, there is no harm in allowing it to remain." ACE Am. Ins. Co., 2020 WL 4001459, at *6.  Accordingly, the "safer course for the [C]ourt to follow is to deny the request to dismiss the counterclaim unless there is no doubt that it will be rendered moot by the adjudication of the main action."  Stickrath, 2008 WL 2050990, at *5 (quoting

Wright, Miller & Kane, 6 <u>Federal Practice & Procedure</u> 2d § 1406).  Given the Court's disfavor of motions to strike, the early stage of this lawsuit, and the lack of prejudice to Plaintiff in allowing the counterclaim to remain, the Court in its discretion denies Plaintiff's motion to strike Accelerant's counterclaim.

### B. Plaintiff's Motion to Strike Accelerant's Affirmative Defenses

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." <u>Simmons v. Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting <u>Wyshak v. City Nat. Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense.  It does not, however, require a detailed statement of facts." <u>Conley v. Gibson</u>, 355 U.S. 41, 47–48 (1957). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege." <u>McArdle v. AT&T Mobility, LLC</u>, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009). Given the disfavored status of motions to strike, courts often require "a showing of prejudice by the moving party" before granting the requested relief. <u>Mag Instrument, Inc. v. JS Prod., Inc.</u>, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting <u>Neilson v. Union Bank of Cal., N.A.</u>, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "[T]he movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." <u>Mattox v. Watson</u>, No. CV 07-5006-RGK RZX, 2007 WL 4200213, at *2 (C.D. Cal. Nov. 15, 2007).

Here, Plaintiff argues broadly that the Court should strike Accelerant's affirmative defenses on the grounds that (1) the defenses fail to provide Plaintiff with "fair notice;" (2) the defenses are unavailable as a matter of law; or (3) the defenses assert bare legal doctrines without factual support. (Doc. Nos. 12, 22.) In response, Accelerant asserts that its answer provides fair notice of each affirmative defense, Plaintiff fails to articulate that it sustained any prejudice, and its defenses are otherwise legally sufficient. (Doc. No. 19.)

1. *Third and Eleventh Affirmative Defenses*

In its third affirmative defense, Accelerant asserts that Plaintiff failed to satisfy the terms and conditions of the Policy. (Doc. No. 7 at 7.)  In its eleventh affirmative defense, Accelerant states that Plaintiff's failure to perform its duties under the Policy bars Plaintiff's recovery.  (Id. at 9.)  Plaintiff argues that the third and eleventh affirmative defenses fail to provide Plaintiff with fair notice because Accelerant did not include any factual support regarding which Policy terms or conditions were either not satisfied or breached. (Doc. No. 12 at 8–9.)  Accelerant responds that it referred Plaintiff generally to the Policy in its affirmative defense and the Policy sets forth the obligations and conditions of coverage.  (Doc. No. 19 at 7.)  Generally speaking, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Mag Instrument, Inc., 595 F. Supp. 2d at 1107.

Plaintiff relies on First Fin. Sec., Inc. v. Freedom Equity Grp., LLC, No. 15-CV-01893-HRL, 2016 WL 3017552, at *3 (N.D. Cal. May 26, 2016), for the proposition that an affirmative "defense is insufficiently pled where it fails to identify a condition not fulfilled or to explain how the plaintiff failed in its obligation under the contract." (Doc. No. 22 at 5.)  But First applied the more stringent affirmative defense pleading standard set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), later clarified in Ashcroft v. Iqbal, 556 U.S. 662 (2009); it did not apply the "fair notice" standard of Wyshak.  First, 2016 WL 3017552, at *1.  This Court applies the traditional fair notice pleading standard to affirmative defenses as articulated in Wyshak.  See, e.g., Philpot v. Baltimore Post-Exam'r, No. 3:20-CV-00872-H-MSB, 2020 WL 6449199, at *3 (S.D. Cal. Nov. 3, 2020); J & J Prods. v. Godoy., Case No. 13-CV-1297-H-JLB, Doc. No. 14 at 3 (S.D. Cal. October 8, 2013) (order denying motion to strike); see also Uriarte v. Schwarzenegger, 06-CV-1558-CAB-WMC, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012). After reviewing the pleadings, the Court concludes that Accelerant sufficiently referenced the Policy in its answer thereby giving Plaintiff fair notice of its third and eleventh affirmative defenses.

Additionally, Accelerant attached a copy of the Policy to its counterclaim, giving Plaintiff further fair notice of the basis of its affirmative defenses. (Doc. No. 9, Ex. 1.)

      2. *Tenth Affirmative Defense*

In its tenth affirmative defense, Accelerant asserts that "other superseding and intervening persons, entities, or incidents, and not Accelerant, are the cause of any resulting damages complained of in the Complaint." (Doc. No. 7 at 9.) Plaintiff challenges this affirmative defense on the grounds that it is not a valid affirmative defense. (Doc. No. 12 at 9.) But arguments that an affirmative defense is better characterized as a challenge to or a denial of an element of a plaintiff's claim "provide[] insufficient grounds for striking the defenses." Smith v. Wal-Mart Stores, No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sept. 20, 2006); see Kohler v. Big 5 Corp., No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *5 (C.D. Cal. Apr. 30, 2012) (denying plaintiff's motion to strike the defendant's affirmative defense of lack of standing); Weddle v. Bayer AG Corp., No. 11CV817 JLS NLS, 2012 WL 1019824, at *4 (S.D. Cal. Mar. 26, 2012) ("Denials that are improperly pled as defenses should not be stricken on that basis alone.").

Plaintiff relies on Zivkovic v. S. California Edison Co. in support of its contention that "[a] defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." 302 F.3d 1080, 1088 (9th Cir. 2002). But Zivkovic addressed whether a particular issue qualified as an affirmative defense and thus was waived when defendant failed to plead the issue in his answer; it did not address the Federal Rule of Civil Procedure 12(f) standard. Thus, while denials which negate elements of Plaintiff's claims or assertions that Plaintiff will be unable to satisfy its pleading burden may not be properly pled as affirmative defenses, motions to strike are disfavored, and Plaintiff has failed to show that these alleged pleading errors results in any prejudice to Plaintiff or provides adequate grounds for striking Defendant's tenth affirmative defense. See Smith, 2006 WL 2711468, at *9.

///

///

### 3. *Fifteenth through Eighteenth Affirmative Defenses*

In its fifteenth through eighteenth affirmative defenses, Accelerant asserts the affirmative defenses of unclean hands, laches, waiver and estoppel, and accord and satisfaction. (Doc. No. 7 at 10–11.) Plaintiff attacks these affirmative defenses on the grounds that Accelerant merely restates legal doctrines without any supportive factual predicate. (Doc. No. 12 at 10.) However, "[f]or well-establish defenses, merely naming them may be sufficient." Springer v. Fair Isaac Corp., No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Despite being vague and general, Accelerant does put Plaintiff on notice of its intention to claim affirmative defenses under the doctrines of unclean hands, laches, wavier and estoppel, and accord and satisfaction. This is sufficient to satisfy the fair notice standard. Thus, the Court declines to strike Accelerant's fifteenth through eighteenth affirmative defenses. See id.

### 4. *Twenty-Eighth through Thirtieth Affirmative Defenses*

In its twenty-eighth through thirtieth affirmative defenses, Accelerant denies liability as to punitive damages on various constitutional grounds. (Doc. No. 7 at 13.) Plaintiff claims Accelerant's defenses fail because Accelerant simply states a legal doctrine without providing any facts, the defenses do not provide "fair notice," and the denial of punitive damages is not a valid affirmative defense as a matter of law. (Doc. No. 12 at 10; Doc. No. 22 at 7.) For the reasons stated above, the Court rejects Plaintiff's arguments as applied to the twenty-eighth, twenty-ninth, and thirtieth affirmative defenses. See Wyshak, 607 F.2d at 827; Smith, 2006 WL 2711468, at *9; Springer, 2015 WL 7188234, at *4.

Plaintiff also asserts that Accelerant's twenty-eighth through thirtieth affirmative defenses are duplicative or redundant of each other. (Doc. No. 12 at 10.) The Court does not find these defenses duplicative because Accelerant premises each on a different legal basis. (Doc. No. 7 at 13.) The twenty-eighth affirmative defense rests on the Fourteenth Amendment to the United States Constitution; the twenty-ninth affirmative defense rests on the Eight Amendment to the United States Constitution, and the thirtieth affirmative defense rests on the Fifth and Fourteenth Amendments to the Constitution of the State of California. (Id.; see also Doc. No. 19 at 10.) Moreover, Plaintiff has not clearly shown

that any of the challenged affirmative defenses have no bearing on the subject matter of the litigation, or that their inclusion will result in prejudice to Plaintiff. Mattox, 2007 WL 4200213, at *2; see California Dep't of Toxic Substances Control., 217 F. Supp. 2d at 1033. Accordingly, the Court will not strike Accelerant's twenty-eighth, twenty-ninth, or thirtieth affirmative defenses.

### Conclusion

For the reasons stated above, the Court denies Plaintiff's Rule 12(f) motions to strike Accelerant's counterclaim and affirmative defenses. The Court denies as moot Accelerant's ninth, twelfth, fourteenth, nineteenth, twentieth, twenty-second, and twenty-third affirmative defenses.

**IT IS SO ORDERED.**

DATED: October 16, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT